UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILY KO,<br>　　　　Plaintiff,<br>　v.<br>REBECCA FLEMING,<br>　　　　Defendant. | Case No. 17-cv-05280-EMC<br><br>**ORDER**<br>Docket Nos. 7-12 |

Upon initial review pursuant to 28 U.S.C. § 1915A, the Court determined that Plaintiff's initial pleading failed to state a claim upon which relief may be granted and granted Plaintiff leave to file an amended complaint. *See* Docket No. 5. The Court cautioned Plaintiff that failure to file an amended complaint by the deadline would result in the dismissal of this action. *See id.* at 8.

Plaintiff has requested an extension of the deadline to file her amended complaint. Docket No. 9. Upon due consideration, the Court GRANTS the request and sets the following new deadline: Plaintiff must file her amended complaint no later than **April 27, 2018**.

Plaintiff has filed a request under the Freedom of Information Act (FOIA) and the Privacy Act to obtain copies of the case file for this action as well as fourteen other actions. Docket Nos. 7, 11, 12. Her requests are DENIED. FOIA, 5 U.S.C. § 522, and the Privacy Act, 5 U.S.C. § 522a, generally apply to agencies in the Executive Branch of the United States of America, but do not apply to the federal courts. *See Warth v. Department of Justice*, 595 F.2d 521, 522 (9th Cir. 1979) ("definition of the term 'agency' expressly exempts 'the courts of the United States' from the [FOIA's] operation. 5 U.S.C. § 551(1)(B). Thus, the provisions of the FOIA impose no obligation on the courts to produce any records in their possession.'") The Privacy Act uses the same definition of agency as FOIA. *See* 5 U.S.C. § 552a(a)(1); *see also id.* at §§ 551(1)(B),

552(f). A federal court therefore is not subject to the Privacy Act. *See Ramirez v. Department of Justice*, 594 F. Supp. 2d 58, 62 (D. D.C. 2009), *aff'd* 2010 WL 4340408 (D.C. Cir. 2010). Plaintiff is not entitled to any documents from the Court under either FOIA or the Privacy Act.

As a courtesy, the clerk will send her a copy of the docket sheet for this action, as well as the initial pleading, and the Court's orders in this action. A courtesy copy of the entire file will not be provided because there are many pages in the case file, and most of those pages are low-value items like copies of envelopes and requests for photocopies from the plaintiff. Also, Plaintiff has requested documents from numerous other cases she has filed, increasing the burden of providing copies to her. If Plaintiff wants specific documents from the case file, she should use the Court's photocopy order form to order those documents. Plaintiff is cautioned that she must pay for copies of any documents she orders.

Plaintiff has requested a certified copy of the oaths of office for the undersigned and for Judge Chhabria and Magistrate Judge Kim. Docket No. 8. The request is DENIED because the Court does not have or provide a certified copy of the oath of office for individual judges or magistrate judges. If Plaintiff is curious about the particular language in the oath of office that is administered to federal judges, that may be found at 28 U.S.C. § 453.

Plaintiff has moved to schedule an in-chambers meeting with the undersigned. Docket No. 10. The motion is DENIED because there is no need for a hearing in this case at this time and the Court does not meet ex parte with litigants.

**IT IS SO ORDERED**.

Dated: April 12, 2018

_____
EDWARD M. CHEN
United States District Judge